NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
BRIAN C. ZHANG, SBN 342032
brian.zhang@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>IRON STEEL COMPANY, INC., a Nebraska domestic corporation; and RUDDY NAPOLEON DUBON GARCIA, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Iron Steel Company, Inc. ("Iron Steel") is, and at all times relevant to this action was, a Nebraska domestic corporation with its principal place of business in the County of Colfax, State of Nebraska.

3. Defendant Ruddy Napoleon Dubon Garcia ("Dubon") (collectively with Iron Steel, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Sarpy, State of Nebraska, and was an officer, shareholder, director, agent and/or owner of Defendant Iron Steel. Based on information and belief, Dubon is domiciled in Papillion, Nebraska.

4. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **25. GENERAL.** . . . THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND [AGREES] THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Iron Steel is a citizen of the State of Nebraska; and Dubon is citizen of the State of Nebraska. As such, neither Iron Steel nor Dubon is a citizen of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

9. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

10. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Iron Steel)

11. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12. Prior to April 2023, Balboa is informed and believes that Iron Steel initiated and engaged with Ironplanet, Inc., located at 5667 Gibraltar Dr, Pleasanton, CA 94588 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Iron Steel in the selection of the Collateral and in coordinating its delivery.

13. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Iron Steel's electronic credit application to Balboa and other financial institutions. Upon review, Iron Steel concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Iron Steel to finance the Collateral being supplied by the Equipment Vendor.

14. On or about April 25, 2023, Iron Steel executed a certain written Equipment Financing Agreement No. 453378-000 (the "EFA"), under the terms of which Balboa loaned to Iron Steel the sum of Three Hundred Three Thousand Six Hundred Ninety-Four Dollars and Eighty-One Cents ($303,694.81) in order to finance the Collateral for its business. The EFA required Iron Steel to make three (3) monthly payments of $0.00 and thirty-three (33) monthly payments of $11,152.61, payable on the 27th day of each month beginning May 27, 2023. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

15. The last payment received by Balboa was credited toward the monthly payment due for March 27, 2024. Therefore, on or about April 27, 2024, Iron Steel breached the EFA by failing to make the monthly payment due on that date. Defendant Iron Steel's failure to make timely payments is a default under the terms of the EFA.

16. In accordance with the EFA, and as a proximate result of Iron Steel's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $278,815.25. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Iron Steel.

17. In addition, the terms of the EFA provide that Iron Steel is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $5,196.86 are now due and owing.

18. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Iron Steel.

19. As a proximate result of Iron Steel's breach of the EFA, Balboa has been damaged in the total sum of **$284,012.11**, plus prejudgment interest from April 27, 2024, until the entry of judgment herein.

20. Further, under the terms of the EFA, Iron Steel promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Iron Steel.

21. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale

to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Dubon)

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Iron Steel, Dubon guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA.  A true and correct copy of the written Personal Guaranty signed by Dubon (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Dubon.

25. Following a default of Iron Steel under the terms of the EFA, Balboa demanded Dubon make the payments required under the EFA.  Dubon failed to meet the Guaranty obligations and make the payments required under the EFA.

26. Pursuant to the terms of the Guaranty, the sum of $284,012.11, plus prejudgment interest from April 27, 2024, is due and payable to Balboa from Dubon.  This Complaint, in addition to previous demands, shall constitute further demand upon Dubon to pay the entire indebtedness due and owing from Iron Steel to Balboa under the terms of the EFA.

27. Under the terms of the Guaranty, Dubon promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Dubon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum $284,012.11;

2. Prejudgment interest from April 27, 2024 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: September 11, 2024         SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Brian C. Zhang

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION