UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01967-DOC-ADS                              Date:  December 11, 2024

Title: AMERIS BANK V. IRON STEEL COMPANY INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [19]**

Before the Court is Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Plaintiff" or "Balboa")'s Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 19). The Defendants in this case are Iron Steel Company, Inc., a Nebraska domestic corporation ("Iron Steel") and Ruddy Napoleon Dubon Garcia, an individual ("Garcia") (collectively, "Defendants"). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court hereby GRANTS Plaintiff's Motion.

I.   **Background**

   A.   **Facts**

This case is one for breach of contract and personal guaranty. In April 2023, Plaintiff entered an Equipment Financing Agreement with Defendants ("Agreement"). *See generally* Compl., Ex. A, B (Dkt. 1). Defendants entered the agreement to borrow $303,694.81 to finance equipment for their business. Compl. ¶14. The Agreement required Defendant Iron Steel to make three monthly payments of $0.00 and thirty-three

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01967-DOC-ADS                                      Date: December 11, 2024

Page 2

monthly payments of $11,152.61, payable on the 27th of each month beginning May 27, 2023. *Id.* Defendant Garcia personally guaranteed the loan. *Id.* ¶23.

Defendants' last payment under the Agreement was for the March 27, 2024 payment and, so, Defendants breached the Agreement by not paying the April 17, 2024 payment by that date which constitutes default under the Agreement. *Id.* ¶15. At the time of default, in addition to late charges of $5,196.86, there remained twenty-five monthly payments, for a total of $284,012.11, due to Balboa. Declaration of Don Ngo ("Ngo Decl.") (Dkt. 19-1), ¶6.

Following Defendants' default, Defendants made five additional full monthly payments for April 27, 2024, May 27, 2024, June 27, 2024, July 27, 2024, and August 27, 2024, and one partial payment of $651.65 for September 27, 2024. *Id.* ¶7. Balboa has credited Defendants for these payments in the amount of $56,414.70. *Id.* Thus, $227,597.41 remains owed to Balboa. *Id.* No further payments have been made by Defendants. *Id.*

Based on the amount due of $227,597.41, Balboa seeks prejudgment interest at the statutory rate of ten percent (10%) per annum, from April 27, 2024, the date of breach, to December 16, 2024, the date noticed for the hearing of the Motion for a total interest amount of $14,589.90, accruing at a rate of $62.35 per day, until the entry of judgment. Motion at 2. Based on the Agreement, Balboa also seeks attorney's fees and costs in the amount of $8,151.94 and $963 respectively. *Id.*

**B.     Procedural History**

Plaintiff filed its Complaint (Dkt. 1) on September 11, 2024. Defendants were served with the Complaint and the Motion on October 3, 2024 and November 13, 2024 (Dkts. 14, 15, 19-4). Defendants failed to answer the Complaint and the Clerk entered default against each defendant (Dkt. 17). Plaintiff filed this Motion (Dkt. 19) on November 13, 2024.

**II.    Legal Standard**

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01967-DOC-ADS                              Date: December 11, 2024

Page 3

party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion by analyzing each *Eitel* factor in turn.

#### A. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01967-DOC-ADS                                               Date: December 11, 2024

                                                                                              Page 4

Plaintiff alleges that Defendants owe it money under the Agreement, and Defendants' failure to defend against this action by failing to respond to the Complaint denies Plaintiff the rights secured under the Agreement. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### B. Merits of the Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). When analyzing the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Agreement provides that if a default occurs, Plaintiff may declare the entire balance immediately due and payable and recover any and all costs, including attorneys' fees, or expenses paid or incurred by Plaintiff in connection with enforcing the Agreement. Compl. ¶16-20. Plaintiff alleges that Defendants defaulted due to failure to make monthly payments on April 27, 2024. *Id*. ¶15. Taking this allegation as true, Plaintiff is entitled to the Agreement's unpaid balance plus late fees in addition to attorneys' fees and costs.

Thus, the second and third *Eitel* factors weigh in favor of granting the Motion.

### C. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This requires the Court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, the amount of money that Plaintiff seeks is reasonable. Plaintiff and Defendants voluntarily entered into the Agreement, and its terms are not unconscionable.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01967-DOC-ADS                     Date: December 11, 2024

                                                                                    Page 5

Plaintiff is seeking to recover in accordance with the Agreement's terms. Plaintiff's requested sum is also proportionate to the harm because it seeks only the amount due under the Agreements and costs related to enforcement.

### D. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Here, Plaintiff provided a well-pleaded complaint and Defendants failed to defend the action by failing to answer or appear. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### E. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were properly served with the Complaint and Summons. Dkts. 14-15. However, none of them filed an answer or a responsive pleading to the Complaint, even though a response was due to be filed no later than October 24, 2024. *Id.* The Court therefore finds that the possibility of excusable neglect is low.

### F. Strong Policy Favoring Decisions on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01967-DOC-ADS | Date: December 11, 2024 |

Page 6

court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against Defendants.

### G. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

Here, the damages that Plaintiff seeks fall into three buckets: payments due under the Agreement, attorneys' fees and costs, and pre-judgment interest. Motion at 14.

First, Plaintiff claims that Defendants owe $227,597.41 in unpaid monthly payments under the Agreement. Taking the allegations of when Defendants made their last payment before default and late payments as true, the Court finds that Defendants owe $227,597.41 under the Agreements.

Second, the Agreement provided that Defendants must pay Plaintiff's attorneys' fees and costs in an action such as this one. Plaintiff claims it is entitled to $8,151.94 in fees under the Agreement, as well as $963 in costs. Plaintiffs' fee award is fixed by the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01967-DOC-ADS                    Date: December 11, 2024

                                                                 Page 7

Local Rules, so the Court finds this amount reasonable. The $963 in costs is similarly reasonable given the nature of this suit.

Finally, the amount of pre-judgment interest, $14,589.90 for the Agreement, reflects an annual interest rate of 10%. This Court finds that Plaintiff is entitled to prejudgment interest and the interest rate is reasonable. *See N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 828 (1998).

**IV.   Disposition**

For the foregoing reasons, the Court **GRANTS** the Motion. In particular, the Court enters judgment in this matter in favor of Plaintiff Balboa and against Iron Steel Company, Inc. and Ruddy Napolean Dubon Garcia in the total amount of $251,302.25 which represents:

1. the principal amount owed of $227,597.41;
2. costs in the amount of $963;
3. attorneys' fees in the amount of $8,151.94; and
4. $14,589.90 in prejudgment interest at the statutory rate of ten percent (10%) per annum, from April 27, 2024 (the date of breach) to December 16, 2024.

The Clerk shall serve this minute order on the parties.

The hearing in this matter scheduled for December 16, 2024 is **VACATED**.

MINUTES FORM 11                                           Initials of Deputy Clerk: kdu

CIVIL-GEN